UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SKENDER IBRAHIMI (#A019-559-350)** | **DOCKET NO. 6:16-cv-534; SEC. P** |
| **VERSUS** | **JUDGE JAMES** |
| **DEPT. OF HOMELAND SECURITY** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Skender Ibrahimi. At the time of filing on April 21, 2016, Petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE), housed at the Pine Prairie Detention Center in Pine Prairie, Louisiana. Petitioner challenged his continued detention under the Constitution and laws of the United States. According to the ICE Inmate Locator service, Petitioner has been removed from the United States and is no longer in DHS/ICE custody.

A court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) if the court lacks statutory or constitutional authority to adjudicate a case. A case becomes moot "when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Commission v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Petitioner was only seeking his release from detention. Because he has been removed, Petitioner's claim is now moot, and he can no longer satisfy the case or controversy requirement of Article III of the Constitution. See Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999) (moot case presents no Article III case or controversy).

Therefore, **IT IS RECOMMENDED** that the § 2241 habeas petition be **DISMISSED**.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers in Lafayette, Louisiana, on this 23rd day of June, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE